The Honorable Chris Raff Prosecuting Attorney Seventeenth East Judicial District 411 North Spruce Street Searcy, Arkansas 72143
Dear Mr. Raff:
This is in response to your request for an opinion on the following questions regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101 to 107 (Repl. 1992 and Supp. 1993):
 1. What constitutes a "meeting" for purposes of the Arkansas Freedom of Information Act?
 2. Is it a violation of the Arkansas Freedom of Information Act for members of a quorum court or a quorum court committee to adjourn their noticed meeting and publicly state that the members will adjourn to a local restaurant for coffee and at the restaurant the members discuss no county business?
This office has previously addressed the situation which has given rise to your questions in Ops. Att'y Gen. 93-308 and 93-299, copies of which are enclosed. With regard to your first question, it was stated in Op. Att'y Gen. 93-299 that the provision codified at A.C.A. § 25-19-106(a) expressly provides that all meetings, "formal or informal, special or regular, of the governing bodies of all . . . counties . . ." must be conducted as open public meetings in compliance with the FOIA. As also noted in that opinion, the foregoing provision has been interpreted to mean that the FOIA applies to an unofficial meeting of less than a quorum of a governing body if the meeting is called for the purpose of discussing any matter on which foreseeable action might be taken by the governing body. SeeMayor of El Dorado v. El Dorado Broadcasting Co., 260 Ark. 821,544 S.W.2d 206 (1976). See also Op. Att'y Gen. No. 91-225
(copy enclosed).
With regard to your second question, it is my opinion that the answer is "no." As previously stated, the FOIA only applies to those meetings where members of a governing body discuss, or take action on, any matter on which foreseeable action might be taken by the governing body. A factual inquiry, which would involve the principles discussed in the opinions cited above and which is beyond the purview of an Attorney General's opinion, would be necessary in order to determine whether any particular gathering constitutes a "meeting" for purposes of the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosures